IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PROSPERITY BANK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-cv-1086-L** |
| | § | |
| | § | |
| **KENNETH C. SPARKS, III a/k/a** | § | |
| **KENNETCH C. SPARKS,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Prosperity Bank's ("Plaintiff" or "Prosperity") Application for Entry of Default Judgment (Doc. 10) ("Motion"), filed September 10, 2024, in which it moves for entry of a default judgment against Defendant, Kenneth C. Sparks, III a/k/a Kenneth C. Sparks ("Defendant" or "Mr. Sparks"). After consideration of the Motion, brief, supporting evidence, record, and applicable law, the court **grants** Plaintiff's Motion (Doc. 10).

I. Factual and Procedural Background

Plaintiff is a state-chartered banking association that is regulated by the Texas Department of Banking under Texas laws. Doc. 6 at 1. Plaintiff brought this action against Mr. Sparks on May 6, 2024, to recover on three Promissory Notes (the "Notes") signed by Mr. Sparks and the total accelerated amount owed by him under the Notes. In addition, Plaintiff requests an award of attorney's fees, costs, and prejudgment interest as provided in the Notes, and postjudgment interest at the applicable federal rate. After default was entered against Mr. Sparks on August 15, 2024, Plaintiff moved for entry of a default judgment on its claim against Mr. Sparks for nonpayment and breach of the Notes. On September 10, 2024, Plaintiff filed its Motion requesting that the court enter default judgment against Defendant. Doc. 10. As of the

**Memorandum Opinion and Order– Page 1**

date of this order, Defendant has not answered or otherwise responded to Plaintiff's Amended Complaint.

## II. Discussion

### A. Effect of Default

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendant, and Plaintiff now requests that the court enter a final default judgment against him.

Based upon the information in the record, the court finds, that Defendant is not a minor, incompetent person, or member of the United States military. Defendant, by failing to answer or otherwise respond to Plaintiff's Amended Complaint, has admitted the well-pleaded allegations of the Amended Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id*. (citation omitted). Based on the well-pleaded allegations of Plaintiff's Amended Complaint, which the court accepts as true, the evidence submitted by Plaintiff in support of its Motion, and the record in this action, the court determines that Defendant is in default, and that Plaintiff is entitled to a default judgment and appropriate damages.

### B. Damages

For its breach of contract claims, Plaintiff seeks to recover $180,682.09 for the full amount of the Notes as a result of Defendant's failure to make any payments on the Notes or cure the default. Plaintiff's pleadings establish the existence of a valid contract with Defendant; that Defendant breached his contractual obligation under the Notes by failing to perform as promised and failing to make any of the required monthly payments; that the full indebtedness under the Notes were accelerated on June 23, 2023, and became due after Defendant failed to cure his default; and that Plaintiff suffered damages in the amount of the Notes as a result.[1] Defendant is, therefore, liable for breach of the Notes, and the court finds that the amount requested by Plaintiff is supported by the evidence. Accordingly, Plaintiff is entitled to recover from Defendant **$180,682.09** in actual damages, plus accrued prejudgment interest of **$24,503.57,** which is computed at 18% from September 9, 2024, through June 10, 2024, which is the date Plaintiff requested as the start date for the commencement of the prejudgment interest.

### C. Attorney's Fees

In accordance with the Notes, which provide for the recovery of attorney's fees and costs, Plaintiff requests $1,350 in attorney's fees and $609.50 in costs. The court determines that Plaintiff is entitled to recover the attorney's fees and costs as stated in each of the Notes, which provides:

> **ATTORNEYS' FEES; EXPENSES,** Lender may hire an attorney to help collect this Note if Borrower does not pay, and Borrower will pay Lender's reasonable attorneys' fees. Borrower also will pay Lender all other amounts Lender actually incurs as court costs, lawful fees for filing, recording, releasing to any public office any instrument securing this Note; the reasonable cost actually expended for repossessing, storing, preparing for sale, and selling any security; and fees for

---

[1] In Texas, the elements for breach of contract are: (1) a valid contract; (2) the plaintiff's performance of his or her contractual obligations; (3) breach by the defendant; and (4) damages caused by the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

**Memorandum Opinion and Order– Page 3**

> noting a lien on or transferring a certificate of title to any motor vehicle offered as security for this Note, or premiums or identifiable charges received in connection with the sale of authorized insurance.

As the prevailing party, Plaintiff is entitled to recover the reasonable attorney's fees and costs it has incurred.

In support of its request for attorney's fees, Plaintiff submitted the sworn affidavit of Lee Ann Bowen. According to this affidavit, Plaintiff had to employ the services of Jeremiah B. Hayes, Attorney at Law, and Taherzadeh, PLLC, who charged a flat fee of $1,350. Ms. Bowen asserts, and the court agrees, that Mr. Hayes's fee is reasonable. Mr. Hayes is an experienced attorney who has been licensed with the State Bar of Texas for 20 years. He has filed four documents in this case, and based on the court's experience in awarding attorney's fees for almost 27 years, a flat fee of $1,350 is more than reasonable for the several hours expended and services rendered. Accordingly, the court determines that Plaintiff is entitled to an award of attorney's fees in the amount of **$1,350**. As the Notes allow the Lender to recover its costs, the court determines that Plaintiff is also entitled, as the prevailing party, to recover its costs of **$609.50**, for the case filing fee and service of process costs pursuant to 28 U.S.C. § 1920.

### D. Prejudgment and Postjudgment Interest

Prejudgment interest rates are governed by state law in diversity cases. *Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). Because this is a diversity case in which Texas law applies, Texas law governs prejudgment interest. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412 (5th Cir. 2011). Under Texas law, prejudgment interest for a breach of contract claim accrues at the same rate as the postjudgment interest on damages. *International Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 500 (5th Cir. 2002) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532

(Tex. 1998)). If an interest rate is specified in a contract, then the prejudgment interest accrues in accordance with § 304.002 of the Texas Finance Code. Tex. Fin. Code § 304.002. Section 304.002 provides that postjudgment interest will be the lesser of the rate specified in the contract or 18% a year. *Id.* Here, each Note sets forth a prejudgment interest rate of 18% per annum; therefore, the applicable prejudgment interest rate is 18%.

Prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date a defendant receives written notice of a claim; or (2) the date suit is filed. *Kenneco*, 962 S.W.2d at 531. Plaintiff provided Mr. Sparks with written notice of its claim and intent to accelerate on June 23, 2023; however, it only requests the "amounts due on each promissory note include interest accrued through September 9, 2024." Doc. 10-1 at 7. Neither the date the lawsuit was filed nor the date that Defendant received written notice of a claim is September 9, 2024; however, Plaintiff is entitled to recover prejudgment interest. Thus, the court will award prejudgment interest on the amount owed by Mr. Sparks at a rate of **18%** from September 9, 2024, as requested by Plaintiff, through June 10, 2025, on each Note.[2]

With respect to an award of postjudgment interest, federal law applies on "any judgment in a civil case recovered in a district court . . . including actions based on diversity of citizenship." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citation and internal quotation marks omitted). "Under 28 U.S.C. § 1961(a), . . . post-judgment interest is calculated at the federal rate," which is currently 4.14% per annum. *Boston Old Colony Ins. Co.*, 288 F.3d at 234.

---

[2] Texas law requires prejudgment interest to be calculated up until the "day preceding the date judgment is entered." Tex. Fin. Code Ann. § 304.104.

**Memorandum Opinion and Order– Page 5**

### III. Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment (Doc. 10). Accordingly, the court will enter a default judgment in favor of Plaintiff in the amount of **$180,682.90** in actual damages, plus prejudgment interest in the amount of **$24,503.57** calculated at a rate of **18%** per annum from September 9, 2024, through June 10, 2025; **$1,350** in reasonable attorney's fees; **$609.50** in costs; and postjudgment interest on the entire amount of the judgment **($207,145.97)** at the current federal rate of **4.14%** per annum from the date of judgment until it is paid in full. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 11th day of June, 2025.

*[Signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge